PER CURIAM.
This is a Florida Bar disciplinary case in which Respondent Philip J. Miller, after due hearing, was found guilty by the Referee of certain misconduct, as reflected in the Referee’s report as follows:
1. On September 17, 1969 Respondent, as Administrator of the Estate of Joseph Young, deceased, received a draft from the *365 Life and Casualty Company of Tennessee in the amount of $1000, representing payment of a policy of life insurance on Young. Respondent deposited it in his escrow account in a Miami Beach bank. He notified Pearl Taishoff, one of the heirs at law of Young, of the receipt of the draft, advising that as soon as it cleared he would remit the balance after deducting his fee of $125 to the three heirs of Young. The draft was paid by the Insurance Company on September 23, 1969. By letter of January 23, 1970, Respondent advised Pearl Taishoff that he was at loss to understand what had happened to the insurance draft; that he had expected the money to be credited to his account for a long time; that he would have his bank initiate a prompt search for it, and that he would make every effort to expedite the trace. Finally, on March 3, 1970, he remitted to the three heirs the proceeds of the life insurance policy of Young.
2. Respondent represented Mrs. Ethel E. Hayes in the administration of her mother’s estate in Dade County, Florida. On June 4, 1971 Respondent received $4,537.38 which represented Mrs. Hayes’ share of her mother’s estate. He deposited these funds in his account in the Miami Beach First National Bank; that not until the filing of complaint in these proceedings did Respondent remit any of these funds to Mrs. Hayes, although often requested by her to do so. Upon the second hearing in this matter on April 7, 1972, Respondent tendered to Bar Counsel a cashier’s check payable to Mrs. Hayes for $3,687.38, after deducting a fee of $850. Respondent admitted at the hearing he had converted his client’s funds to his own use and benefit and unduly delayed remitting same to her.
The Referee recommended in his report of June 7, 1972 that for his violations of the Code of Professional Responsibility the Respondent “be suspended from the practice, of law in Florida for a period of five years and thereafter until he shall have paid the costs of these proceedings in the amount of $625.20 and demonstrated to the Board of Governors of The Florida Bar and the Supreme Court that he is entitled to be reinstated to the practice of law in accordance with Article 11, Rule 11.11 of the Integration Rule of The Florida Bar.”
The Respondent made no request for review by this Court. However, The Florida Bar has petitioned us to review the Referee’s recommendation of discipline on the ground it is excessive under Rule 11.10(3) of the new Integration Rule promulgated by this Court on May 31, 1972 to be effective after 12:01 A.M., December 1, 1972 (262 So.2d 857).
The Florida Bar, while noting that the discipline recommended by the Referee is authorized under the present Integration Rule (Rule 11.10(3)), it is not consistent with the new rule which recites that “no suspension shall be ordered for a specific time in excess of three years.” [1]
We do not undertake prematurely to construe or apply the new Integration Rule in this matter. However, we do take into account the fact The Florida Bar has recommended that the suspension of five years recommended by the Referee be modified because it is considered excessive. We note that the Referee in his recommendation points out Respondent repaid the funds converted by him and his other misconduct was minor and “that during the period covered by these cases the Respond *366 ent was undergoing severe marital difficulties resulting in divorce and breakup of his home.”
The foregoing considered, it is ordered that Respondent be suspended for a period of three years and thereafter until rehabilitation has been established to the satisfaction of this Court and that he pay forthwith the costs of these proceedings in the sum of $625.20.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. (3) Suspension. The respondent may be suspended from the practice of law for an appropriate time or for a definite period of time and an indefinite period thereafter to be determined by the conditions imposed by the judgment. . A suspension of three months or less shall not require proof of rehabilitation or satisfactory passage of The Florida Bar examination; a suspension of more than three months shall require proof of rehabilitation; no suspension shall he ordered for a specific period of time in ecccess of three years. Suspensions which continue for over three years shall require proof of rehabilitation and satisfactory passage of The Florida Bar examination subsequent to the date of suspension.” (Emphasis supplied.)